UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WELLS FARGO FUNDING, INC. and | No. 1:09-CV-00817-LO-TRJ |
| WELLS FARGO BANK, N.A., | |
| GMAC MORTGAGE, LLC and | |
| RESIDENTIAL CAPITAL, LLC and | |
| RESIDENTIAL FUNDING COMPANY, LLC, | No. 1:09-CV-00818-LO-TRJ |
| CHEVY CHASE, FSB and | No. 1:09-CV-00819-LO-TRJ |
| EMC MORTGAGE CORPORATION, | No. 1:09-CV-00820-LO-TRJ |

---

IN RE VIJAY K. TANEJA

Bankruptcy Case No. 08-13293-SSM

Chapter 11

---

On Appeal from an Order of the United States Bankruptcy Court
for the Eastern District of Virginia (Alexandria Division)
(Hon. Stephen S. Mitchell, United States Bankruptcy Judge)

---

BRIEF OF APPELLANTS,
WELLS FARGO FUNDING, INC. AND WELLS FARGO BANK, N.A, GMAC
MORTGAGE, LLC AND RESIDENTIAL CAPITAL, LLC AND RESIDENTIAL
FUNDING COMPANY, LLC, CHEVY CHASE, FSB AND EMC MORTGAGE
CORPORATION

---

## TABLE OF CONTENTS

**Headings**                                                                                            **Page(s)**

I.      STATEMENT OF BASIS OF APPELLATE JURISDICTION..........................................1

II.     STATEMENT OF ISSUES PRESENTED AND
        APPLICABLE STANDARD OF REVIEW.......................................................................1

        A.  Statement of Issues Presented ......................................................................1
        B.  Applicable Standard of Appellate Review ...................................................1

III.    STATEMENT OF THE CASE........................................................................................1

        A.  Nature of the Case ........................................................................................1
        B.  Course of Proceedings..................................................................................2
        C.  Disposition in Court Below...........................................................................2
        D.  Statement of Facts ........................................................................................3

IV.     ARGUMENT ..................................................................................................................4

        Issue # 1   Whether the bankruptcy court erred in deciding that the bankruptcy trustee's
        strong arm powers trump the equitable liens and constructive trusts asserted by the Summit
        Drive Creditors....................................................................................................................4

                THE  BANKRUPTCY  COURT  ERRED  WHEN  IT  DECIDED  THAT  THE
                BANKRUPTCY TRUSTEE'S "STRONG-ARM" POWERS TRUMP THE SUMMIT
                DRIVE   CREDITORS'   INTERESTS   AS   BENEFICIARIES   UNDER   THE
                CONSTRUCTIVE TRUST. ........................................................................................4

                A.  The Bankruptcy Court Improperly Failed to Consider Whether the Summit Drive
                    Property was Impressed with a Constructive Trust in Favor of the Summit Drive
                    Creditors. ...................................................................................................... 4
                    1.  Section 541(d) of the Bankruptcy Code is Applicable. ...........................................7
                    2.  Under § 541(d), the Bankruptcy Estate holds Legal Title, but not
                        Equitable Title.........................................................................................8
                B.  The Bankruptcy Court Misapplied the Law..................................................................9
                    1.  Reasonover is Inapposite. ...................................................................................9
                    2.  The Summit Drive Property is Impressed With a Constructive Trust

i

in Favor of the Summit Drive Creditors. ...............................................................10

    a.   Real Property Can be Impressed With a Constructive Trust. ..........................11

    b.   A Judicial Determination is Not Required in Order for a
        Constructive Trust to Arise. ..........................................................................12

    c.   As a Result of the Constructive Trust on the Summit Drive Property,
        the Bankruptcy Estate had Only Legal Title to the Property. ..........................13

Issue # 2   Whether the bankruptcy court erred in deciding that Wells Fargo's *lis pendens* on the Summit Drive Property did not prevent the bankruptcy trustee from taking the proceeds from the sale thereof free and clear of the liens, claims, and interests asserted by the Summit Drive Creditors.....................................................................................................................14

THE BANKRUPTCY COURT MISAPPLIED THE EFFECT OF THE *LIS PENDENS*, WHICH SHOULD HAVE PREVENTED THE EXERCISE OF THE BANKRUPTCY TRUSTEE'S "STRONG-ARM" POWERS. ....................................................................14

A.  The Bankruptcy Court's Findings and Holdings Mandate a Ruling in Wells Fargo's Favor. ......................................................................................................................14

B.  The Bankruptcy Court's Decision was Not Supported by the Facts Actually Before the Court.......................................................................................................................15

V.      APPENDIX...............................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Capital Investors Co. v. Executors of Estate of Morrison*,
    800 F.2d 424, 427 n.5 (4th Cir. 1986) ......................................................................12

*Citizens Federal Bank v. Cardian Mortgage Corp. (In re Cardian Mortgage Corp.)*,
    122 B.R. 255, 259 (Bankr. E.D. Va. 1990).............................................................11

*Green Hill Corp. v. Kim*,
    842 F.2d 742, 744 (4th Cir. 1988) ........................................................................15

*In re Butts*,
    46 B.R. 292, 295 (D.N.D. 1985) ..........................................................................13

*In re Garcia*,
    367 B.R. 778, 785-86 (Bankr. D.N.M. 2007) ........................................................11

*In re Mahaffey*,
    91 F.3d 131 (4th Cir. 1996) ................................................................................15

*In re Morgan*,
    96 B.R. 615 (N.D. W. Va. 1989) .........................................................................15

*In re Suggs*,
    355 B.R. 525 (Bankr. M.D.N.C. 2006).................................................................15

*In re U.S. Lan Systems Corp.*,
    235 B.R. 847, 851 (Bankr. E.D. Va. 1998)............................................................10

*In re Whitehead*,
    399 B.R. 570 (S.D. Fla. 2008) .............................................................................16

*Lubman v. Wells (In re Wells)*,
    296 B.R. 728, 734 (Bankr. E.D. Va. 2003)..........................................10, 11, 12, 13

*Mayer v. United States (In re Reasonover)*,
    236 B.R. 219 (Bankr. E.D. Va. 1999), vacated......................................................9

*Mid-Atlantic Supply Inc. of Virginia v. Three Rivers Aluminum Co.*,
    790 F.2d 1121, 1125 (4th Cir. 1986) .........................................................10, 12, 13

*Mortgage Lenders Network, USA, Inc. v. Wells Fargo Bank, N.A. and Wells Fargo Home
    Mortgage, Inc. (Mortgage Lenders Network, USA, Inc.),*
    380 B.R. 131, 136 (Bankr. D. Del. 2007) ....................................................................8, 11, 12

*Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron),*
    206 B.R. 394, 401 (Bankr. E.D. Va. 1997), *aff'd,* 155 F.3d 718 (4th Cir. 1998) ..............10, 12


**STATE CASES**

*Galloway Corp. v. Wise,*
    244 Va. 344, 346, 421 S.E.2d 431, 433 (1992).......................................................................10

*Harris v. Lipson,*
    167 Va. 365, 372, 189 S.E. 349, 352 (1937)...........................................................................15

*Leonard v. Counts,*
    221 Va. 582, 591, 272 S.E.2d 190, 196 (1980)..................................................................11, 12

*Pair v. Rook,*
    195 Va. 196, 213, 77 S.E.2d 395, 404 (1953)....................................................................10, 11

*Richardson v. Richardson,*
    242 Va. 242, 245-246, 409 S.E.2d 148, 150-51 (1991)..........................................................10

*Roanoke Brick & Lime Co. v. Simmons,*
    2 Va. Dec. 70, 20 S.E. 955 (1895) .........................................................................................14


**STATUTES**

11 U.S.C. § 101 *et seq.*..................................................................................................................19

11 U.S.C. § 541(a)(1) .......................................................................................................7, 8, 9, 13

11 U.S.C. § 541(d) ................................................................................................................ passim

11 U.S.C. § 544 ...............................................................................................................................15

11 U.S.C. § 544(a) ................................................................................................................. passim

11 U.S.C. § 547 ........................................................................................................................7, 16

iv

28 U.S.C. § 157.................................................................................................................17

28 U.S.C. § 158(a) .............................................................................................................1


**O**THER **A**UTHORITIES

54 Am. Jur., Trusts, § 218, page 167 ..........................................................................11

Federal Rule of Bankruptcy Procedure 7001(2) ............................................................8

## I.
## STATEMENT OF BASIS OF APPELLATE JURISDICTION

District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts.  *See* 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . .").

## II.
## STATEMENT OF ISSUES PRESENTED AND
## APPLICABLE STANDARD OF APPELLATE REVIEW

### A.    *Statement of Issues Presented.*

The two issues presented by the Appellants on appeal are as follows:

Issue # 1:    Whether the bankruptcy court erred in deciding that the bankruptcy trustee's "strong arm" powers trump the equitable liens and constructive trusts asserted by the Summit Drive Creditors.

Issue # 2:    Whether the bankruptcy court erred in deciding that Wells Fargo's *lis pendens* on the Summit Drive Property did not prevent the bankruptcy trustee from taking the proceeds from the sale thereof free and clear of the liens, claims, and interests asserted by the Summit Drive Creditors.

### B.    *Applicable Standard of Appellate Review.*

The issues on appeal involve only conclusions of law and thus the standard of review is *de novo*.

## III.
## STATEMENT OF THE CASE

### A.    *Nature of the Case.*

Several parties have filed a total of four notices of appeal of the bankruptcy court's decision.  Those parties are: (i) Wells Fargo Funding, Inc. and Wells Fargo Bank, N.A.

1

(collectively, "Wells Fargo"); (ii) GMAC Mortgage, LLC and Residential Capital, LLC and Residential Funding Company, LLC (collectively, "GMAC"); (iii) Chevy Chase, FSB; and (iv) EMC Mortgage Corporation.  The issues on appeal involve whether the Appellants are entitled to an equitable lien or, alternatively, a constructive trust against a certain piece of real property on account of loans each respective Appellant purchased where the debtor fraudulently did not record the intended security of a deed of trust.

**B.**     *Course of Proceedings.*

This case arises in the context of the motion filed by H. Jason Gold, Appellee and Chapter 11 Trustee ("bankruptcy trustee") over the bankruptcy estate of Vijay K. Taneja ("Taneja" or "debtor") to establish procedures for the auction of debtor's residence located at 5335 Summit Drive, Fairfax, Virginia (the "Summit Drive Property").  Five parties objected to that motion: Chevy Chase Bank, FSB; EMC Mortgage Corporation; GMAC; Midland Mortgage Company; and Wells Fargo (collectively the "Summit Drive Creditors").

The United States Bankruptcy Court for the Eastern District of Virginia (the "bankruptcy court"), Judge Stephen S. Mitchell presiding, approved the sale free and clear of liens, with claimed equitable interests, if any, to attach to the proceeds of sale.  After opportunity for discovery, an evidentiary hearing was held January 30, 2009, to determine the validity and enforceability of the Summit Drive Creditors' claimed equitable liens.

**C.**     *Disposition in Court Below.*

The bankruptcy court ruled in favor of the bankruptcy trustee and against the Summit Drive Creditors.  The Court read its ruling into the record on May 15, 2009, *see* Transcript of Ruling at 7:13-34:19 (the "Transcript," Ex. 2 of the Record on Appeal, a copy of which is

attached to this brief for the Court's convenience), and on May 28, 2009 entered an Order which

provided:

> 1.      The objections of the Summit Drive Objectors are denied.
>
> 2.      The Trustee shall hold the net proceeds of the sale of the Property free and clear of all liens, claims, and interests, including but not limited to the equitable lien claims asserted by the Summit Drive Objectors.

*Order Denying Equitable Lien Claims of Summit Drive Creditors* (Bankr. E.D. Va. May 28,

2009).

Of the five Summit Drive Creditors, four filed notices of appeal: Chevy Chase Bank, FSB

(1:09-CV-00819); EMC Mortgage Corporation (1:09-CV-00820); GMAC (1:09-CV-00818); and

Wells Fargo (1:09-CV-00817).  Those Summit Drive Creditors that are Appellants in this matter

have entered into an agreement among themselves to cooperate and share equally in the proceeds

recovered by any one of them as secured creditors in this appeal. Further, the Summit Drive

Creditors that filed notices of appeal have also filed a *Motion to Consolidate Appeals for*

*Administrative Convenience of Wells Fargo Funding, Inc. and Wells Fargo Bank, N.A., GMAC*

*Mortgage, LLC, and Residential Capital, LLC and Residential Funding Company, LLC,  Chevy*

*Chase, FSB and EMC Mortgage Corporation*. This will result in the filing of identical briefs

with respect to the appeals and result in judicial economy.

**D.      *Statement of Facts.***

The Appellants hereby adopt the facts as stated by the bankruptcy court in the Transcript of

the hearing held on May 15, 2009, and they will not be repeated here.  Additional facts are stated

in the Argument section below.

**IV.**
**ARGUMENT**

> ***Issue # 1***:      Whether the bankruptcy court erred in deciding that the bankruptcy trustee's strong arm powers trump the equitable liens and constructive trusts asserted by the Summit Drive Creditors.

**THE BANKRUPTCY COURT ERRED WHEN IT DECIDED THAT THE BANKRUPTCY TRUSTEE'S "STRONG-ARM" POWERS TRUMP THE SUMMIT DRIVE CREDITORS' INTERESTS AS BENEFICIARIES UNDER THE CONSTRUCTIVE TRUST.**

The bankruptcy court concluded that it was unnecessary to address the Summit Drive Creditors' argument that the Summit Drive Property was impressed with a constructive trust because the bankruptcy trustee has the power under § 544(a) of the Bankruptcy Code (commonly called the "strong-arm" powers) to avoid unrecorded conveyances such as unrecorded deeds of trust on real estate.  Transcript of Ruling at 17:13-19:21.

**A.      *The Bankruptcy Court Improperly Failed to Consider Whether the Summit Drive Property was Impressed with a Constructive Trust in Favor of the Summit Drive Creditors.***

After reciting the essential facts and summarizing the parties' respective positions, the bankruptcy court set out the sequence of the questions to be resolved.  The first question put forth by the court was whether "the [bankruptcy] trustee's statutory strong-arm powers as a hypothetical bona fide purchaser for value and hypothetical lien creditor trump the unrecorded equitable claims of the objecting creditors?"  Transcript of Ruling at 15:22.  In actuality, the first question which the court below should have addressed is whether the Summit Drive Property was impressed with a constructive trust in favor of the Summit Drive Creditors.  In their *Joint Memorandum of Law in Support of Objections to Trustee's Motion to Establish Procedures for the Auction of 5335 Summit Drive, Fairfax, Virginia and to Authorize Sale of Such Property*

*Free and Clear of Liens and Other Interests*, the Summit Drive Creditors argued that the bankruptcy court should recognize that the Summit Drive Property was impressed with a constructive trust in their favor.

In support of their position, the Summit Drive Creditors put on evidence that on January 25, 2007, Taneja obtained a loan from Financial Mortgage Inc. ("FMI"), a company that Taneja owned and operated, in the principal amount of $2,950,000.00.  To secure the loan, Taneja transferred to FMI a deed of trust on the Summit Drive Property, which deed of trust was recorded in the land records for the Circuit Court of Fairfax County on or about January 25, 2007.  In February 2007, FMI (through Taneja) sold to each of the Summit Drive Creditors and IndyMac Federal Bank, F.S.B. ("IndyMac") what purported to be the $2,950,000.00 loan made by FMI to Taneja.  To secure these notes, FMI transferred to each of the Summit Drive Creditors and IndyMac a deed of trust on the Summit Drive Property.  Each of the Summit Drive Creditors and IndyMac transferred to FMI funds in the approximate amount of $2,900,000.00 for the purchase of the notes.  Notwithstanding FMI's assertions (through Taneja) that each of the deeds of trust presented by FMI to the Summit Drive Property had been recorded, the only deed of trust that had, in fact, been recorded against the Summit Drive Property was recorded on February 1, 2007.  On or about May 1, 2007, the IndyMac loan was paid off, and IndyMac caused a certificate of satisfaction to be recorded in the land records on August 1, 2007, with the result that as of the date the bankruptcy was filed there appeared to be no encumbrances of record against the Summit Drive Property.  Taneja continued to make regular payments on the loans made by the Summit Drive Creditors until his bank account was frozen in approximately April 2008, more than a year after Taneja's fraud on the Summit Drive Creditors.  The substance of

these allegations were included in the bankruptcy court's findings of fact.  Transcript of Ruling at 12-14.

As a result of Taneja's fraud, the Summit Drive Creditors requested that the bankruptcy court recognize that the Summit Drive Property was impressed with a constructive trust in favor of the Summit Drive Creditors such that Taneja held only legal title to the Summit Drive Property as the trustee under the constructive trust.  The Summit Drive Creditors argued that the bankruptcy estate's interest in the Summit Drive Property, as the successor to Taneja, was similarly limited to a legal interest.

In respect of the property interests of a bankruptcy estate, the bankruptcy court properly summarized the law as follows:

> [T]he filing of a bankruptcy petition creates an estate composed of, among other things, all legal and equitable interest of the debtor in property as of the commencement of the case. . . .
>
> This is subject to the qualification, however, that property in which the debtor holds as of the commencement of the case only legal title and not an equitable interest becomes property of the estate only to the extent of the of the debtor's legal title to such property but not to the extent of any equitable interest in such property that the debtor does not hold. That's from § 541(d) of the Bankruptcy Code.[1]
>
> Put another way, a bankruptcy trustee who is claiming under section 541(a)(1) as successor to the debtor cannot acquire

---

[1] Section § 541(d) of the Bankruptcy Code provides:

> (d)        Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

> any greater rights in property that the debtor had and the trustee takes the debtor's property subject to any equities in favor of third parties.
>
> Property of the estate, however, is not limited to property of the debtor.  It also includes under § 541(a)(3) property or interest that the debtor does not own but that the trustee is able to recover for the benefit of creditors under one or more of his special avoidance powers. . . .  Among such avoidance powers are the so-called strong-arm powers in § 544(a) of the Bankruptcy Code.

Transcript of Ruling at 16:13-17:14.  Such avoidance powers also include powers under § 547 of the Bankruptcy Code.

In its ruling, the bankruptcy court incorrectly concluded that "none of the objecting parties here have an interest in the . . . Summit Drive property, or its proceeds that is superior to the interest of the [bankruptcy] trustee under his avoidance powers, whether under §§ 544(a) or 547 of the Bankruptcy Code, and that the [bankruptcy] trustee holds the proceeds of sale free of the equitable claims of the creditors here."  Transcript of Ruling at 34:11-17.  Further, because the bankruptcy court failed to recognize that the Summit Drive Property came into the bankruptcy estate under § 541(a)(1) of the Bankruptcy Code rather than as an "avoided" property, it failed to address the Summit Drive Creditors' constructive trust arguments.  *See*, *e.g.*, Transcript of Ruling at 19:12-21 ("The result is that bankruptcy trustees may and routinely do use their avoidance powers to set aside . . . unperfected security interests . . . .  As a result, it is unnecessary to reach the issue of whether the Summit Drive [C]reditors would have been entitled to imposition of a constructive trust had bankruptcy not intervened.").

### 1.   Section 541(d) of the Bankruptcy Code is Applicable.

The bankruptcy court failed to appreciate how the Summit Drive Property came into the bankruptcy estate.  In reaching its conclusion that the bankruptcy trustee's strong-arm powers

under § 544(a) obviated the need to address whether the Summit Drive Property was impressed with a constructive trust in favor of the Summit Drive Creditors, the bankruptcy court determined that the limitation on the bankruptcy estate's property interest contained in § 541(d) was not applicable because that section only applied to property coming into the bankruptcy estate under § 541(a)(1) and § 541(a)(2) and not to property that came into the bankruptcy estate under § 541(a)(3).  This analysis is flawed, however, because the Summit Drive Property came into the bankruptcy estate under § 541(a)(1), not under § 541(a)(3).  *See Mortgage Lenders Network, USA, Inc. v. Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. (Mortgage Lenders Network, USA, Inc.)*, 380 B.R. 131, 136 (Bankr. D. Del. 2007) (property in which debtor holds legal title comes into bankruptcy estate under § 541(a)(1), not § 541(a)(3), resulting in the application of § 541(d)).

### 2.      Under § 541(d), the Bankruptcy Estate holds Legal Title, but not Equitable Title.

As the trustee under the constructive trust, Taneja held a legal interest in the Summit Drive Property which became property of the bankruptcy estate under § 541(a)(1) when he filed his Chapter 11 petition.  The Summit Drive Property is not an "avoided" property.  *Id.*  The bankruptcy trustee did not file an adversary proceeding to avoid the Summit Drive Creditors' interests under Federal Rule of Bankruptcy Procedure 7001(2).  Instead, the bankruptcy estate succeeded to the ownership interest held by Taneja in the Summit Drive Property pre-petition, and as the legal representative of the bankruptcy estate, the bankruptcy trustee filed a motion seeking to sell the Summit Drive Property.  Because the Summit Drive Property came into the estate under § 541(a)(1), not § 541(a)(3), the statutory exclusion of § 541(d) is applicable.  *See* 11 U.S.C. § 541(d).

**B.**     *The Bankruptcy Court Misapplied the Law.*

**1.**     *Reasonover* **is Inapposite.**

The bankruptcy court stated that the position occupied by the Summit Drive Creditors is essentially no different than that of the mortgage lender in the case of *Mayer v. United States (In re Reasonover)*, 236 B.R. 219 (Bankr. E.D. Va. 1999), vacated and remanded, 238 F.3d 414 (4th Cir. 2000) (per curiam), opinion on remand, 2001 WL 1168181 (Bankr. E.D. Va. 2001). Transcript of Ruling at 21:23-23:25.  In fact, the bankruptcy court's analysis is largely taken from its decision in *Reasonover*.  *Compare* Transcript of Ruling at 16:13-19:11, *with Reasonover*, 236 B.R. at 226-27.  The bankruptcy court's reliance on *Reasonover* is misplaced.

*Reasonover* is a very different case from the case at hand for two reasons.  First, *Reasonover* was commenced by the bankruptcy trustee filing a complaint under § 544(a) to avoid the very transfers through which the mortgage lender claimed title to the property at issue, seeking to bring that property into the bankruptcy estate under § 541(a)(3); whereas the Summit Drive Property, Taneja's primary residence, was already part of the debtor's bankruptcy estate under § 541(a)(1), resulting in the application of § 541(d).  Second, there was no fraud or other basis for establishing a constructive trust in *Reasonover*.  *Id.* at 229-30 ("There is not the slightest suggestion in the summary judgment record that anyone set out to cheat either Mr. Delgadillo or First Equitable.  Rather, all that is shown is neglect [on the part of the creditor's predecessor] and a failure to attend to detail"); whereas Taneja has pled guilty to, and is serving jail time for, his fraud.  *See* Transcript of Ruling at 9:3 ("This is a tale of rather astonishing fraud . . . .").

2.      **The Summit Drive Property is Impressed With a Constructive Trust in Favor of the Summit Drive Creditors.**

The Virginia Supreme Court has stated:

> A constructive trust, on the other hand, 'is a trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.' 54 Am. Jur., Trusts, § 218, page 167.  It is substantially an appropriate remedy against unjust enrichment, usually after an act of fraud, or breach of confidence or duty. *Id.*, § 219, page 169.

*Pair v. Rook*, 195 Va. 196, 213, 77 S.E.2d 395, 404 (1953); (citing *Richardson v. Richardson*, 242 Va. 242, 245-246, 409 S.E.2d 148, 150-51 (1991)); *accord Galloway Corp. v. Wise*, 244 Va. 344, 346 , 421 S.E.2d 431, 433, (1992) ("A constructive trust is imposed by construction of law to prevent fraud or unjust enrichment.").   Many courts, including the Fourth Circuit, have recognized constructive trusts as being property claims in bankruptcy.  *See Mid-Atlantic Supply Inc. of Virginia v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1125 (4th Cir. 1986); *Lubman v. Wells (In re Wells)*, 296 B.R. 728, 734 (Bankr. E.D. Va. 2003); *In re U.S. Lan Systems Corp.*, 235 B.R. 847, 851 (Bankr. E.D. Va. 1998); *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 206 B.R. 394, 401 (Bankr. E.D. Va. 1997), *aff'd*, 155 F.3d 718 (4th Cir. 1998)[2];

---

[2] The bankruptcy court attempted to distinguish the *Dameron* decision by stating that it was an express trust case, not a constructive trust case. Transcript of Ruling at 20:11-15.  It is true that in affirming the district court's affirmance of the bankruptcy court's decision the Fourth Circuit determined that an express trust did exist. *Dameron*, 155 F.3d at 723, n.5.  But with respect to whether there was also a constructive trust, the Fourth Circuit stated merely that because of its conclusion that the parties intended an express trust, the court had no reason to consider the constructive trust argument. *Id.*  Further, in affirming the bankruptcy court's decision, the district court found that the lenders were entitled to an express trust or a constructive trust. *See id.* at 721.  The bankruptcy court clearly determined that a constructive trust existed in favor of the creditors, *Dameron*, 206 B.R. at 403-04, and there is nothing in the subsequent case history which should affect or put into question the bankruptcy court's reasoning or ruling.

*Citizens Federal Bank v. Cardian Mortgage Corp. (In re Cardian Mortgage Corp.)*, 122 B.R. 255, 259 (Bankr. E.D. Va. 1990).

Taneja breached his fiduciary duties to the Summit Drive Creditors when he committed fraud. He systematically abused confidences, commissioned wrongs, engaged in unconscionable conduct, artifice, concealment, and questionable means, against equity and good conscience, to obtain and hold title to the Summit Drive Property which he ought not, in equity and good conscience, hold and enjoy. *See* 54 Am. Jur., Trusts, § 218, page 167. Taneja's bankruptcy estate should not benefit from Taneja's fraud at the expense of the defrauded Summit Drive Creditors. Under the standard set in *Pair*, a constructive trust is an appropriate remedy in this case to prevent unjust enrichment of Taneja's bankruptcy estate after Taneja's acts of fraud and breaches of confidence and fiduciary duty.

### a. Real Property Can be Impressed With a Constructive Trust.

There can be no doubt that real property such as the Summit Drive Property can be impressed with a constructive trust. *Lubman v. Wells (In re Wells)*, 296 B.R. 728, 734 (Bankr. E.D. Va. 2003); *Leonard v. Counts*, 221 Va. 582, 591, 272 S.E.2d 190, 196 (1980); *see, e.g.*, *In re Garcia*, 367 B.R. 778, 785-86 (Bankr. D.N.M. 2007) (transfer of real property by debtors pre-petition could not be avoided as a fraudulent conveyance or a preference because the property was impressed with either a constructive trust or a resulting trust).

In the *Wells* case, the bankruptcy court considered whether the bankruptcy trustee could sell real estate free and clear of liens and interests including an oral contract for the sale of the property. *Wells*, 296 B.R. at 730. In *Wells*, the evidence showed that the debtors had an oral contract for the sale of two lots of real estate and that a deed was to be delivered to the purchaser

11

once he had completed payment of the $40,000.00 purchase price.  *Id.*  At about the time of the agreement, the debtors had transferred possession of the real estate to the purchaser who had also assumed responsibility for paying real estate taxes, property insurance, repairs and maintaining the property.  *Id.*  As of the time the debtors filed their bankruptcy case, the purchaser had made monthly payments totaling $31,600.00 toward the purchase price.  *Id.* at 730-31.   After consideration of the evidence, the arguments of the parties and a thoughtful analysis, the bankruptcy court concluded that the lots were impressed with a constructive trust in the amount that the purchaser had paid.  *Id.* at 734.   Consequently, although the bankruptcy trustee was authorized to sell the real estate, the *Wells* court concluded that the bankruptcy trustee held legal title to the lots subject to the constructive trust with the result that the value of the purchaser's constructive trust interest was to attach to the proceeds of sale.  *Id.*

> **b.**    **A Judicial Determination is Not Required in Order for a Constructive Trust to Arise.**

A constructive trust does not require a court decree in order to arise.  A constructive trust is created by operation of law when the constructive trustee becomes subject to an equitable duty to convey the property to another.  *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 206 B.R. 394, 401 (Bankr. E.D. Va. 1997), *aff'd*, 155 F.3d 718 (4th Cir. 1998); *see Capital Investors Co. v. Executors of Estate of Morrison*, 800 F.2d 424, 427 n.5 (4th Cir. 1986) ("'Where the title to property is acquired by one person under such circumstances that he is under a duty to surrender it, a constructive trust immediately arises. . . .' 5 Scott on Trusts § 462.4 (1967).") (dicta); *Mid-Atlantic Supply Co.*, 790 F.2d at 1127 (sub-contractor received a joint check in constructive trust); *Leonard v. Counts*, 272 S.E.2d 190, 196, 221 Va. 582, 591 (1980) ("A constructive trust arises not only when there has been actual fraud, but whenever one

holding title to property 'is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it'. Scott, supra, § 462 at 3413.").

Accordingly, and as supported by the bankruptcy court's finding of facts, a constructive trust arose by operation of law on the Summit Drive Property upon Taneja's fraud against the Summit Drive Creditors.

> **c.    As a Result of the Constructive Trust on the Summit Drive Property, the Bankruptcy Estate had Only Legal Title to the Property.**

When property is impressed with a constructive trust, title to the property is effectively bifurcated: the constructive trustee has legal title to the property, but the beneficiary has equitable title to the property. *Mid-Atlantic Supply Co.*, 790 F.2d at 1125 (*citing In re Butts*, 46 B.R. 292, 295 (D.N.D. 1985)). As successor to the debtor, the debtor's bankruptcy estate has no greater interest in the property than the debtor had such that if the debtor only had a legal interest in trust property pre-petition, the bankruptcy estate only has a legal interest in the trust property. *Id.* at 1124-27; *Wells*, 296 B.R. at 733-34. Accordingly, because a constructive trust arose on the Summit Drive Property in favor of the Summit Drive Creditors when Taneja defrauded the Summit Drive Creditors, Taneja only had bare legal title in the Summit Drive Property when his Chapter 11 case was commenced. Because, Taneja's legal title to the Summit Drive Property came into the bankruptcy estate under § 541(a)(1), the equitable interest in the Summit Drive Property held by the Summit Drive Creditors as beneficiaries of the constructive trust was excluded from becoming property of Taneja's bankruptcy estate under § 541(d). *See Mid-Atlantic Supply Co.*, 790 F.2d at 1124-26. The constructive trust on the Summit Drive Property should have been recognized and enforced by the bankruptcy court such that the sale of the Summit Drive Property should have been subject to the constructive trust. With the sale of

13

the Summit Drive Property having occurred, the constructive trust should attach to the proceeds

of the sale in favor of the Summit Drive Creditors.

> ***Issue # 2***:        Whether the bankruptcy court erred in deciding that Wells
> Fargo's *lis pendens* on the Summit Drive Property did not prevent the
> bankruptcy trustee from taking the proceeds from the sale thereof free and
> clear of the liens, claims, and interests asserted by the Summit Drive
> Creditors.

## THE BANKRUPTCY COURT MISAPPLIED THE EFFECT OF THE *LIS PENDENS*, WHICH SHOULD HAVE PREVENTED THE EXERCISE OF THE BANKRUPTCY TRUSTEE'S "STRONG-ARM" POWERS.

The bankruptcy court's ruling read into the record on May 15, 2009, found all of the

necessary elements to support Wells Fargo's claim; it found that the *lis pendens* was not a lien or

transfer, and the constructive notice provided by the *lis pendens* defeats any attempt by a bona

fide purchaser to avoid Wells Fargo's February 2007 lien.  Those findings mandated a ruling in

Wells Fargo's favor that the *lis pendens* defeated the bankruptcy trustee's attempts to take the

Summit Drive Property.  The bankruptcy court's decision to the contrary was erroneous and

should be reversed.

**A.**     ***The Bankruptcy Court's Findings and Holdings Mandate a Ruling in Wells Fargo's Favor.***

The bankruptcy trustee did not dispute Wells Fargo's February 2007 acquisition of a

valid but unrecorded lien.  Instead, the bankruptcy trustee attempted to invoke his status as a

bona fide purchaser to avoid that lien.  But as the bankruptcy court noted:  "In Virginia, to obtain

the status of a bona fide purchaser, one must have neither actual nor constructive notice of any

defects in the chain of title."  Transcript of Ruling at 25:6-9 (citing *Roanoke Brick & Lime Co. v.*

*Simmons*, 2 Va. Dec. 70, 20 S.E. 955 (1895)).  The bankruptcy court further correctly held that

14

the *lis pendens* provided constructive notice of Wells Fargo's interest in the Summit Drive Property to all persons.  Transcript of Ruling at 31:1-9.

Although the bankruptcy trustee argued that it could not be bound by constructive notice, the bankruptcy court followed established law in the Fourth Circuit in holding that "[t]here can be little doubt that constructive notice precludes a trustee from exercising the avoidance powers of a bona fide purchaser of real property."  *Id.* at 27:11-18 (*citing In re Mahaffey*, 91 F.3d 131 (Table) (4th Cir. 1996); *In re Suggs*, 355 B.R. 525 (Bankr. M.D.N.C. 2006); *In re Morgan*, 96 B.R. 615 (N.D. W. Va. 1989)).  And as the bankruptcy court, Virginia Supreme Court, and the Fourth Circuit all have held, "the filing of a memorandum of *lis pendens* does not operate as a transfer or create a lien."  Transcript of Ruling at 32:6-7; *accord Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988); *Harris v. Lipson*, 167 Va. 365, 372, 189 S.E. 349, 352 (1937).

Since the *lis pendens* was not a transfer, it could not be a preferential transfer and could not be avoided under § 544 of the Bankruptcy Code.  Thus, the *lis pendens*'s constructive notice should have blocked the bankruptcy trustee's attempt to avoid Wells Fargo's unrecorded but valid February 2007 lien on the Summit Drive Property.  With that prior lien still in place, Wells Fargo unquestionably would be entitled to the proceeds of the sale of the Summit Drive Property. The bankruptcy court's findings necessarily should have led it to that conclusion.

**B .**   ***The Bankruptcy Court's Decision Was <u>Not</u> Supported by the Facts Actually Before the Court.***

Despite the necessary conclusion that had to be drawn in Wells Fargo's favor, the bankruptcy court nevertheless concluded that it could void the *lis pendens* and allow the bankruptcy trustee to avoid Wells Fargo's lien.  Transcript of Ruling at 34:11-17.   That conclusion was based on an extrapolation as to what *would* have happened if Wells Fargo's

initial suit against FMI and Taneja had been litigated to a resolution, a judgment had been entered in Wells Fargo's favor, and Wells Fargo had perfected a lien for an antecedent debt. *See id*. at 32:18-33:2. The bankruptcy court decided that, under those circumstances, the *lis pendens* would become an avoidable preference. *See id.*[3]

However, those circumstances simply did not exist. Wells Fargo's suit was not litigated to a resolution, judgment was not entered in Wells Fargo's favor, and the *lis pendens* never perfected a lien for an antecedent debt. *See id.* (noting circumstances that did apply). The *lis pendens* could not have become a preference, and thus could not be avoided under § 547. As the bankruptcy court noted, the constructive notice provided by the *lis pendens* would defeat any attempt by a bona fide purchaser—or the bankruptcy trustee acting as a bona fide purchaser—to avoid Wells Fargo's February 2007 lien on the bankruptcy trustee's claim to the Summit Drive Property. *See id.* at 27:11-18.

Although the bankruptcy court's decision might have been appropriate under different circumstances, its decision was erroneous under the circumstances that actually apply in this case. The Bankruptcy Code provides a specific set of rights to the bankruptcy trustee, and it gives the bankruptcy court a specific set of powers to enforce those rights. *See, e.g., In re Chestnut Hill Mort. Corp.*¸ 156 B.R. 111, 111 (Bankr. D. Mass. 1986) (bankruptcy courts "have only the limited powers accorded them by legislative grant of authority, especially the authority

---

[3] The bankruptcy court took support for its ruling from the decision in *In re Whitehead*, 399 B.R. 570 (S.D. Fla. 2008), explaining that the situation was "very analogous to this except for the date of the recording of the memorandum of the *lis pendens*." Transcript of Ruling at 33:3-5. Because the *Whitehead* memorandum of *lis pendens* was recorded outside of the preference period, the Florida court found that a resulting perfected lien would not be a preference. *See id.* at 33:18-34:3. But *Whitehead* is clearly distinguishable. The case was decided under Florida law, and as the bankruptcy court noted, the key factual element—the date of the filing of the *lis pendens*— was different. *Id.* The parties in *Whitehead* had no reason or incentive to assess the effects of a *lis pendens* filed within the preference period on the trustee's powers, and the *Whitehead* court's comments are mere dicta that do not override the long-settled Virginia law discussed above.

set forth in 28 U.S.C. § 157").  The bankruptcy court has no authority to exceed those powers.  *See id.*  Since the bankruptcy court's decision cannot be reconciled with the plain language of the Bankruptcy Code and relevant statutory authority, its decision should be reversed and judgment should be rendered in Wells Fargo's favor.

**WHEREFORE**, Appellants respectfully request the Court to enter an order consistent with the above, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 7th day of August, 2009.

/s/ Paul Sweeney
Paul Sweeney
Va. Bar No. 33994
Counsel for Chevy Chase, FSB
LOGAN, YUMKAS, VIDMAR &
SWEENEY, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
Telephone:  443-569-5972
Facsimile:  410-571-2798
Email:  psweeney@loganyumkas.com

/s/ John C. Smith
John C. Smith
Va. Bar No. 44556
Counsel for GMAC Mortgage, LLC
Counsel for Residential Capital, LLC
Counsel for Residential Funding Co., LLC
DURRETTEBRADSHAW PLC
600 East Main St., 20th Floor
Richmond, VA 23219
Telephone: (804) 916-6570
Facsimile: (804) 775-6911
Email: jsmith@durrettebradshaw.com

/s/ Richard E. Lear
Richard E. Lear
Va. Bar No. 25361
Counsel for EMC Mortgage Corporation
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, D.C. 20068
Telephone:  (202) 457-7049
Facsimile:  (202) 955-5564
Email:  richard.lear@hklaw.com

/s/ William E. Copley
William E. Copley
Va. Bar No. 43960
Counsel for Wells Fargo Funding, Inc.
  and Wells Fargo Bank, N.A.
GILBERT OSHINSKY LLP
1100 New York Avenue NW, Suite 700
Washington, D.C. 20005
Telephone:   (202) 772-2200
Facsimile:   (202) 772-1924
Email:  copleyw@gotofirm.com

# APPENDIX

**BANKRUPTCY CODE (11 U.S.C. § 101 *et seq.*)**

### § 544(a). Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -

  (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

  (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

  (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

### § 547(b). Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property -

  (1) to or for the benefit of a creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made -

   (A) on or within 90 days before the date of the filing of the petition; or

   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

  (5) that enables such creditor to receive more than such creditor would receive if -

19

   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent
provided by the provisions of this title.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2009, a true copy of the foregoing was delivered by electronic means and/or mailed by first class mail, postage fully prepaid, addressed to:

> H. Jason Gold, Esq.
> Karalee C. Morell, Esq.
> Rebecca L. Saitta, Esq.
> Wiley Rein LLP
> 7925 Jones Branch Drive
> Suite 6200
> McLean, VA 22102

\s\ William E. Copley